UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80895-ROSENBERG
(18-CR-80228-ROSENBERG)

TIMOTHY JARROD PAIGE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION TO VACATE

**THIS CAUSE** is before the Court on Movant Timothy Jarrod Paige's Motion to Vacate under 28 U.S.C. § 2255 [DE 1]. The Court has considered the Motion [DE 1], the supporting exhibits [DE 1-1], the Amended Motion [DE 11], the Government's Answer [DE 20], the Movant's Reply [DE 30], and the court file. For the reasons discussed below, the Motion is denied.

### I. BACKGROUND

The Movant pled guilty to possessing marijuana and oxycodone with intent to distribute, possession of a firearm in furtherance of drug-trafficking, and possession of a firearm and ammunition after being convicted of a felony. 18-CR-80228, DE 148 at 2. After his plea and subsequent sentencing, the Movant appealed, arguing that his plea of guilty was not knowing and voluntary. *Id.* The appellate court affirmed, finding that "the extensive plea colloquy made clear that [Movant] pleaded guilty knowingly and voluntarily." *Id.* at 7. The Movant then filed the Motion before the Court.

## II.   APPLICABLE LAW

A petitioner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). If a Section 2255 claim is meritorious, the court must vacate and set aside the judgment, discharge the prisoner, grant a new trial, or correct the sentence. The burden of proof is on the Movant, not the Government, to establish that the sentence must be vacated. *Rivers v. United States*, 773 F.3d 1306, 1316 (11th Cir. 2015).

## III.   DISCUSSION

The Court construes the Movant's Motion as raising five grounds[1] why his sentence should be vacated. The Movant's first four grounds all argue that his counsel was ineffective. Because the Movant pled guilty, however, he waived the right to challenge the effectiveness of his counsel on many grounds: "a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "This waiver extends to claims of ineffective assistance of counsel that **do not attack the voluntariness of the guilty plea**." *Id.* (emphasis added).

Here, the Movant's four ineffective assistance of counsel challenges do not go to whether his plea was voluntary and, instead, the Movant argues that his counsel was ineffective for failing to file various motions or raise certain arguments to this Court. Pursuant to cases such as *Tollett*, the Movant previously waived his right to make those arguments. Additionally, it is the law of the

---

[1] Some of the Movant's arguments are sufficiently groundless that the Court conducts no analysis of the same. By way of example, the Court does not address the Movant's argument that: "There was no lawful session, the 'property' was left with-in the jurisdiction of the United States Government, it was not shown or proven." DE 11 at 4. The Court's analysis instead focuses on the Movant's most cogent arguments and claims.

case that the Movant's guilty plea *was* knowing and voluntary because the appellate court made that express finding in the Movant's appeal. 18-CR-80228, DE 148 at 7.  As a result, the Movant simply cannot raise a cognizable ineffective assistance of counsel claim as to his trial counsel. *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars re-litigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case.").

The Court construes the Movant's fifth and final argument to be that one of the Movant's prior convictions should not have qualified the Movant for career offender status at sentencing. Career offender status is defined in § 4B1.1(a) of the United States Sentencing Commission Guidelines.  Under that definition, a defendant is considered a career offender if he or she has previously been convicted of a controlled substance offense or a crime of violence.  Because the Movant was previously convicted of a controlled substance offense, the Court construes the Movant's argument to be that his other prior conviction—aggravated battery—was not a crime of violence.  But the Eleventh Circuit has held: "*Turner* thus compels us to conclude that [a prior Florida] aggravated battery conviction qualifies as a crime of violence and can serve as a predicate for the purposes of the career offender enhancement." *United States v. Weaver*, 760 F. App'x 745, 755 (11th Cir. 2019) (citing *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337-38 n.6 (11th Cir. 2013)).  The Court therefore concludes that the Movant's fifth argument is not grounds for this Court to vacate his sentence, and that the Movant's Motion must be denied.[2]

### IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking to appeal a district court's final order denying a Section 2255 motion to vacate has no absolute entitlement to appeal but must obtain a certificate of appealability. *See*

---

[2] The Court also adopts and incorporates herein the additional grounds for denial raised in the Government's Answer at docket entry 20.

28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, a certificate of appealability shall not issue.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Movant's Motion to Vacate [DE 1] and Amended Motion [DE 11] are **DENIED**;
2. Final judgment is entered in favor of Respondent;
3. No Certificate of Appealability shall issue;
4. Any pending motions are **DENIED** as moot; and
5. The Clerk of Court shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 2nd day of November, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

Timothy Jarrod Paige
19184-104
Bennettsville
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 52020
Bennettsville, SC 29512